UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TROY HILL** | **CASE NO. 6:20-0014** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **TODD D'ALBOUR, ET AL.** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss for Failure to State a Claim under Fed.R.Civ.P. 12(b)(6), Motion for More Definite Statement under Fed.R.Civ.P. 12(e), and Motion to Strike under Fed.R.Civ.P. 12(f) [Doc. 46], filed by defendants Freddie Decourt, Todd D'Albor, Aubry Broussard, and the City of New Iberia ("defendants"). Plaintiff Troy Hill opposes the motion [Doc. 52], and defendants filed a reply brief [Doc. 56]. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the undersigned RECOMMENDS that defendants' motion be GRANTED IN PART AND DENIED IN PART.

### Documents and Evidence Considered

Ordinarily, in ruling on a Rule 12(b)(6) motion, the court is limited to the allegations of the complaint and any exhibits attached thereto; however, the court

may also consider documents attached to the defendant's motion if they are referenced in the complaint and central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). The court is also permitted to take judicial notice of public records as well as facts which are not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011). The Fifth Circuit has also sanctioned consideration of certain documents which were attached to the plaintiff's opposition, where no party questioned the authenticity of the documents and the documents are sufficiently referenced in the complaint. *Walch v. Adjutant Gen.'s Dep't of Texas*, 533 F.3d 289, 294 (5th Cir. 2008).

Within these parameters, the Court shall consider the following documents and evidence in addition to the allegations within the pleadings:

- Courtroom Minutes of New Iberia City Court, dated November 6, 2019, November 12, 2019, and December 4, 2019 (attached as Exhibit B to defendants' Motion to Dismiss, Doc. 46);

- Reasons for Judgment of New Iberia City Court Judge Theodore M. "Trey" Haik, III (attached as Exhibit to plaintiff's opposition brief to Motion to Dismiss, Doc. 53).

## Factual Background

Plaintiff filed this 42 U.S.C. §1983 and §1988 suit in January 2020 following his arrest by several New Iberia police officers on or about January 6, 2019 [Doc. 30].[1]  On November 6, 2019, the New Iberia City Court conducted a judge trial and on November 12, 2019, adjudged plaintiff guilty of resisting an officer [Doc. 53, p. 3].  After watching the officers' body camera footage and hearing the testimony of several officers on the scene, City Court Judge Trey Haik found that plaintiff was lawfully detained when he physically broke away from an officer and intentionally averted all efforts of that officer to physically control/detain him, which resulted in him being tased by another officer and charged with resisting an officer [Doc. 53, pp. 1-2].

After filing his original complaint, the plaintiff amended his complaint on December 30, 2020, and the instant motion to dismiss was filed on March 12, 2021.

*Plaintiff's Allegations*

According to the Complaint, on or about January 6, 2019, the plaintiff arrived at 716 Rosalie Street, New Iberia, Louisiana, the home of his aunt, where he encountered several family members interacting with members of the NIPD [Doc.

---

[1] All references to the facts of this case as alleged by the plaintiff are taken from the plaintiff's Amended Complaint, filed on December 30, 2020 [Doc. 30].  Hereinafter, the Court shall at all times refer to the Amended Complaint as "the Complaint."

3

30, ¶13]. The plaintiff alleges that upon learning that a former boyfriend of his niece had come to his aunt's home and threatened both his niece and his aunt, the plaintiff walked out of his aunt's yard and into the street in front of her home to talk to several people standing near a red truck parked in front of the house [*Id.* at ¶14]. At that point, Norbert Berard,[2] the individual who had threatened the plaintiff's niece and aunt, was standing near the truck and starting walking toward the plaintiff. Before the plaintiff and Bonin started talking, Sgt. Benoit stepped between them and pushed the plaintiff back towards his aunt's house and away from Bonin [*Id.* at ¶¶15-16]. The plaintiff alleges that, despite being no threat to anyone at that time, Officer Aubrey Broussard then deliberately and unnecessarily deployed his Taser X2, serial number X29008VTE, which struck Hill, causing serious and painful bodily harm [*Id.* at ¶17]. Additionally, the plaintiff alleges that at least one officer knelt on his back with his full weight, causing him further unnecessary pain [*Id.* at ¶17]. Plaintiff alleges he suffered and continues to suffer pain in his back and hip, as well as mental pain and anguish.

---

[2] This individual is identified as Norbert Berard by the plaintiff, however, Judge Haik noted that at trial, this individual was referred to as "Mr. Bonin." The undersigned will refer to this individual as "Mr. Bonin."

*Findings Supporting Hill's Conviction for Resisting an Officer*

The Reasons for Judgment which was submitted by the plaintiff as an exhibit to his opposition to the Motion to Dismiss, evidences findings made by City Court Judge Haik regarding the events that transpired on the day of the plaintiff's arrest. [Doc. 53] After consideration of the officers' body camera footage and the testimony of several officers on the scene, City Court Judge Haik found as follows: Officer Comeaux, the NIPD patrol deputy, responded to a call about a disturbance. Officer Comeaux was the first officer on the scene. When he arrived, he quickly realized that he needed to call for backup due to the number of people involved in the disturbance and due to the number of belligerent and non-compliant people on the scene. Officer Comeaux testified that 15-20 people showed up on scene who were not involved in the original altercation, and another 15 people were inside of the house. Officer Comeaux detained one of the two females who he observed to be aggressor in the argument by placing her in the rear of his marked unit.

Officers Thomas and Broussard then arrived on the scene to provide backup and to try to control what was a "clearly volatile and emotionally charged" situation. While police were investigating what had happened, Officer Broussard observed Officer Thomas trying to stop a male – the plaintiff – from advancing towards another male who was being detained near the red truck. The male being detained

5

near the truck was being watched by Sgt. Benoit at the request of Officer Comeaux. Officer Comeaux viewed the man being detained by Sgt. Benoit as a potential suspect in the fight with the two females. The testimony at trial was that the name of the man detained near the red truck was Mr. Bonin.

Sgt. Benoit testified that Officer Thomas was trying to stop the plaintiff from advancing toward the detained suspect, Mr. Bonin. Sgt. Benoit testified that the plaintiff was talking to Mr. Bonin as he advanced toward him. The plaintiff's advance was halted when he was tased by Officer Broussard. Sgt. Benoit testified that when Officer Broussard deployed his taser, the plaintiff was approximately 3 feet away from Mr. Bonin. Sgt. Benoit's concern at that time was a physical altercation between the plaintiff and Mr. Bonin.

Officer Thomas testified that he tried to calm the plaintiff down, as the plaintiff was agitated because a female had been struck by a male. He testified that the plaintiff would not heed verbal commands to stop his advance. Officer Thomas testified that when the plaintiff pulled away from his grasp, he intended to detain him. Officer Thomas testified that the plaintiff was focused on Mr. Bonin. In his Judgment, Judge Haik noted the "focus and intensity" of the plaintiff, which was apparent when viewing Sgt. Benoit's bodycam footage. This bodycam footage is a view facing the plaintiff as he marches "undeterred" toward Sgt. Benoit. The same

video shows the plaintiff attempting to "push through" Sgt. Benoit, after escaping Officer Thomas's grasps and also shows when he is tased by Officer Broussard.

In his Judgment, Judge Haik stated that he closely watched the bodycam footage of Officer Comeaux, which is a view from behind the plaintiff as he pulls away from Officer Thomas's grasp and advances toward the red truck. Judge Haik reported:

> The two body camera videos leave this Court no doubt that Mr. Hill physically broke away from Officer Thomas['s] grasp and that he averted all efforts of Officer Thomas to physically control/detain him. This Court also finds that Mr. Hill's actions to break away from Officer Thomas's grasp and to advance and "push through" Sgt. Benoit were intentional. Mr. Hill made a conscious decision that night to ignore or disregard the Officers' verbal and non-verbal communications which resulted in being "tazed" and charged with the instant criminal offense. The fact that Mr. Hill was "tazed" that night was entirely due to his acts and/or omissions.
>
> [ . . . ]
>
> In the case *sub judice*, Officer Thomas clearly and unequivocally attempts to impose physical force on Mr. Hill in order to detain him. The body camera videos clearly show Mr. Hill break free from Officer Thomas as he advances towards Sgt. Benoit in an aggressive fashion. Officer Thomas and Sgt. Benoit are also verbally communicating to Mr. Hill that he must stop advancing and yet Mr. Hill fails to heed the officers' lawful orders.

[Doc. 53].

Following the criminal trial in City Court, Judge convicted plaintiff of resisting an officer [Doc. 53]. The plaintiff was sentenced to pay a $350.00 fine and court costs [Doc. 46-4].

In the instant lawsuit, plaintiff asserts §1983 claims for excessive force in violation of the Fourth and Fourteenth Amendments; a claim for violation of Article I, Section 5 of the Louisiana Constitution (unreasonable seizure); a claim for violation of Article I, Section 5 of the Louisiana Constitution (lack of due process); claims of assault, battery and intentional infliction of emotional distress against Officer Broussard; claims against Chief of Police Todd D'Albor for the improper and inadequate training and supervision of Officer Broussard, as well as for failure to institute policies and procedures to protect against violations of constitutional rights; and for the vicarious liability on the part of Chief D'Albor for the actions of Officer Broussard and his negligent supervision and failure to train under Louisiana law. The plaintiff seeks punitive damages and attorneys' fees. Notably, the only officer named as a defendant in the plaintiff's Complaint is Officer Broussard.

## Law and Analysis

### I. Law applicable to Rule 12(b)(6).

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re*

8

*Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). Conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

II. <u>Analysis</u>

    A. <u>Plaintiff's Fourth Amendment excessive force claim against Officer Broussard</u>

Plaintiff's claim for excessive force is governed by the Fourth Amendment, which protects individuals from unreasonable seizures. *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004). Under *Heck v. Humphrey,* 512 U.S. 477 (1994), a plaintiff who has been convicted of a crime cannot recover damages for an alleged

9

violation of his constitutional rights if that "violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008), *quoting Heck,* 512 U.S. at 486-87. "Although the *Heck* principle applies to §1983 excessive force claims, the determination of whether such claims are barred is analytical and fact-intensive, requiring [the court] to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Id*. Stated differently, the court should determine whether the plaintiff's excessive force claim is "conceptually different from his conviction…such that 'a successful suit on the former would not necessarily imply the invalidity of the latter.'" *Ballard v. Burton*, 444 F.3d 391, 400 (5th Cir. 2006), *citing Heck*.

Plaintiff was charged with and convicted of Resisting an Officer in violation of La. Rev. Stat. 14:108(B)(1)(b).[3] The elements of the crime of "resisting an officer" under Louisiana law are as follows:

---

[3] The plaintiff was also charged with Disturbing the Peace by Offensive/Derisive Language, however, the State dropped this charge on November 6, 2019. *See* Doc. 46-4, p.3.

> A. Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest, lawful detention, or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, detaining, seizing property, or serving process is acting in his official capacity.
>
> B. (1) The phrase "obstruction of" as used herein shall, in addition to its common meaning, signification, and connotation mean the following:
>
>> (a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
>>
>> (b) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.[4]

Several Fifth Circuit cases have examined the issue of whether a successful suit for excessive force would call into question the validity of a resisting an officer conviction. In *Arnold v. Town of Slaughter*, 2003 WL 25739166, at *1 (M.D. La. Sept. 5, 2003), *aff'd* 100 Fed.Appx. 321 (5th Cir.), *cert. denied*, 543 U.S. 966 (2004) (citing *Heck*, 512 U.S. at 477), the Fifth Circuit examined an excessive force claim of a §1983 plaintiff who had been convicted of resisting an officer in a Louisiana state court. In *Arnold*, the plaintiff maintained that he did nothing to provoke the officer's action; he had done nothing wrong; and he had been viciously attacked for

---

[4] La. Rev. Stat. 14:108 (a) & (B)(1)(b).

11

no reason. The Fifth Circuit concluded that the plaintiff's "suit squarely challenge[d] the factual determination that underlie[d] his conviction for resisting an officer." *Arnold*, 100 Fed.Appx. at 324. If he prevailed, the plaintiff would establish that his conviction lacked a factual basis. As such, the court held the claim was barred by *Heck*.

In *Walker v. Munsell*, 281 Fed.Appx. 388, 390 (5th Cir. 2008), the Fifth Circuit held that the plaintiff's claim was "not that the officers used excessive force after he stopped resisting or to stop his resistance; his claim [was] based solely on his assertions that he did not resist arrest, did nothing wrong, and was attacked by the ... officers for no reason." 281 Fed.Appx. at 390. Thus, the Fifth Circuit concluded that the plaintiff's excessive force claim "squarely challenge[d] the factual determination that underlie[d] his conviction for resisting an officer," and if the plaintiff prevailed, "he [would] establish[ ] that his criminal conviction lack[ed] any basis." *Id.* The plaintiff's excessive force claim was therefore barred by *Heck*.

In *Walter v. Horseshoe Entertainment*, 483 Fed.Appx. 884, 887 (5th Cir. 2012), the Fifth Circuit concluded that *Heck* applied to bar the plaintiffs' claims of excessive force because the claims were "not derived from distinct incidents." Rather, the plaintiffs' "convictions for resisting arrest and their claim of use of excessive force stem[med] from a single interaction [and they] argue[d] that they did not resist arrest ... and that the force used against them was therefore excessive." *Id.*

12

The court read that claim as an attack on the validity of their conviction for resisting arrest.

Similarly, in *Daigre v. City of Waveland, Mississippi*, 549 Fed.Appx. 283, 286 (5th Cir. 2013), the Fifth Circuit concluded that the allegations in the plaintiff's complaint of innocence, non-resistance and compliance were not separable from, and inconsistent with, the facts underlying her conviction for resisting arrest. Her excessive force claim was therefore barred by *Heck*. 549 F.3d at 286-287. The court explained:

> Daigre pleaded guilty to violating Mississippi Code 97-9-73, which prohibits "any person [from] obstruct[ing] or resist[ing] by force, or violence, or threats, or in any other manner, his lawful arrest." However, her complaint contains several statements that contradict an admission of guilt under § 97–9–73. For example, Daigre's complaint alleges, "At no time did [Daigre] physically resist or assault the Defendant Officers in any way, and the force used against her was unnecessary, unreasonable and excessive." The complaint further states that "[a]t no time during the events described ... was [Daigre] ... a threat to the safety of herself or others, or disorderly." Bluntly, the complaint says, "[Daigre] committed no criminal offenses." The complaint elsewhere summarizes, "[T]he Defendant Officers' assault, arrest, and detainment of [Daigre] was illegal, wrongful and false, where [Daigre] had committed no crime, and there was no need for any amount of *287 force—excessive or otherwise—to be administered against her."
>
> The total effect of these statements is clear: Daigre's excessive-force claim is barred because she "still thinks [she is] innocent." *DeLeon,* 488 F.3d at 657. ***Unlike the allegations in Bush, Daigre's broad claims of innocence relate to the entire arrest encounter, and not merely a discrete part of it.*** See *Bush,* 513 F.3d at 499. The result is dismissal under *Heck.* See *DeLeon,* 488 F.3d at 657; *see also Whatley v. Coffin,* 496 Fed.Appx. 414, 417 (5th Cir.2012) (per curiam) (unpublished) ("We need not determine whether [plaintiff's] excessive force claims

13

> undermine an element of his assault of a public servant convictions because the facts alleged in his complaint were inherently inconsistent with those convictions."); *Arnold v. Town of Slaughter,* 100 Fed.Appx. 321, 324 (5th Cir.2004) (per curiam) (unpublished) (claims barred where plaintiff "claim[ed] that he did nothing wrong, but was viciously attacked for no reason").

*Daigre v. City of Waveland, Miss.*, 549 F. App'x 283, 286–87 (5th Cir. 2013).

In the instant case, the plaintiff alleges that "he did not pose a threat to anyone" at the time that Officer Broussard deployed his taser. The plaintiff further alleges that, at the time period relevant to his claims, "any potential altercation [involving plaintiff and another individual on the scene] had been contained by Sgt. Benoit" and that Officer Broussard "deliberately and unnecessarily" deployed his taser. [Doc. 30, ¶ 17] The plaintiff asserts that Officer Broussard's use of force was "unlawful, unwarranted, and unprovoked" and was excessive because there was no probable cause to believe that the plaintiff committed any crime or was about to commit any crime . . ." [Doc. 30, ¶¶ 24-25] Essentially, plaintiff contends that he was compliant and not resisting when Officer Broussard tased him.

Despite the allegations in the Complaint, the plaintiff acknowledges that he was, in fact, convicted of the offense of resisting an officer by violence, pursuant to La. R.S. §14:108B(1)(b). Plaintiff contends, however, that because the City Court Judge simply found him guilty of resisting an officer and did not find that he injured or attempted to injure a police officer engaged in the performance of his duties or that he resisted with force or violence, his claims in this case are not barred by *Heck*.

14

The plaintiff submits that, under applicable jurisprudence, it is possible that the plaintiff resisted arrest *and* that Officer Broussard's tasing of the plaintiff was objectively unreasonable.

    The Court disagrees. A reading of the allegations contained in the Complaint shows that plaintiff is asserting he did nothing to provoke the force used by Officer Broussard and that Officer Broussard's use of his taser was unnecessary, unwarranted, deliberate and malicious. These broad claims relate to the entire arrest encounter, and not merely a discrete part of it. While the plaintiff appears to argue in his opposition that he is only challenging the amount of force used to affect his arrest, the allegations in the Complaint evidence that his theory of the case is that he did nothing to warrant Officer Broussard's actions, and that he was "an innocent participant." *Ducksworth v. Rook,* 647 F.App'x 383, 386 (5th Cir. 2016)(citing *Daigre*, 549 F.App'x at 286). These allegations would "place at issue whether the plaintiff's resistance was justified, which, if it were, necessarily undermines his conviction for resisting an officer. *Hudson v. Hughes,* 98 F.3d 868, 873 (5th Cir. 1996). This is particularly true where, as here, the City Court Judge specifically found that the plaintiff's resistance was not justified and that the fact that he was tased "was entirely due to his acts and/or ommissions." [Doc. 53, p.2] Accordingly, the plaintiff's claims against Officer Broussard are inconstant with and inseparable from his related conviction for resisting an officer and squarely challenge the factual

15

determination that underlie that conviction. For this reason, the plaintiff's excessive force claim against Officer Broussard is barred by *Heck*.[5]

### B. Plaintiff's state law claims against Officer Broussard

As an initial matter, the undersigned notes that the plaintiff does not oppose the defendants' motion to dismiss the state law claims alleged against Officer Broussard. In any event, the plaintiff's state law claims for assault and battery and intentional infliction of emotional distress are likewise barred by *Heck*, because these claims share the same set of operative facts. *See e.g. Robinson v. Lipps*, 2021 WL 865986, at *9 (W.D. La. Mar. 5, 2021); *Collier v. Roberts*, 2016 WL 3448607, at *6 (M.D. La. June 17, 2016).

### C. Claims against Mayor DeCourt

Review of the Complaint shows that the plaintiff does not clarify the allegations against Mayor Freddie DeCourt in his individual capacity and/or official capacity. Although the mayor has been named as a defendant, there are no specific claims alleged against him. Furthermore, the plaintiff does not oppose Mayor DeCourt's motion for a more definite statement and fails to provide support that the

---

[5] Although the plaintiff alleges that "at least one" officer kneed him in the back after he was on the ground, no officer is named with respect to that allegation. [Doc. 30, ⁋19] This fact exists only in the factual section of the Complaint, and not in the claims section of the Complaint. Indeed, the only officer on the scene who was sued by the plaintiff is Officer Broussard and the only claims against Officer Broussard are in relation to his deployment of his taser.

allegations contained in the Complaint are sufficient to withstand the plausibility test.

For this reason, the plaintiff's claims against Mayor DeCourt, federal and state, should be dismissed with prejudice.

D. Claims against Chief D'Albor and the City of New Iberia

In his opposition brief, the plaintiff does not sufficiently address the motion to dismiss the federal and state law claims against Chief D'Albor in his individual or supervisory capacity, nor does he oppose defendants' motion to dismiss the City of New Iberia. Defendants argue in their motion that the allegations against the Chief and the City for supervisory liability/failure to train/failure to supervise are insufficiently pled and seek dismissal of all claims against both defendants.

As an initial matter, the undersigned notes that vicarious liability does not apply to governmental entities for claims under §1983. *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Rather, liability against a governmental entity under §1983 requires proof of three elements: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Valle v. City of Hous.,* 613 F.3d 536, 541–42 (5th Cir.2010) (internal quotations and citations omitted). However, as the undersigned has already noted, *Heck* prohibits a plaintiff from alleging a

constitutional violation under §1983 if allowing that claim to proceed would undermine the validity of the plaintiff's conviction.

After review of the record, the undersigned concludes that for the same reasons set forth above in the ruling on the plaintiffs' §1983 excessive force claim against Officer Broussard in his individual capacity, the plaintiff's federal and state law claims against Chief D'Albor, which are predicated on *Monell* liability, require dismissal under *Heck*. Supervisory liability claims under *Monell* require an underlying constitutional violation and, where the underlying violation is barred by *Heck*, it cannot form the basis for a derivative *Monell* claim. *Williams v. Town of Delhi*, 2015 WL 868746, at *7 (W.D. La. Feb. 27, 2015), *citing DeLeon v. City of Corpus Christi,* 488 F.3d 649, 657 (5th Cir.2007) (barring claims against individual officer and municipality pursuant to *Heck* ); *Daigre v. City of Waveland, Miss.,* 549 Fed. App'x 283, 287 (5th Cir. 20-13) (same); *Whatley v. Coffin,* 496 Fed. App'x. 414, 417 (5th Cir.2012) (per curiam) (unpublished) (same). The same analysis applies to the plaintiff's claims against the City of New Iberia.

Consequently, all federal and state law claims against Chief D'Albor in his individual and official capacities, as well as the City of New Iberia, should be dismissed with prejudice.

E. Due process claims

The undersigned notes that the plaintiff does not oppose the motion to dismiss his due process claims against all defendants on grounds the claims are insufficiently pled. Because these claims are pled in the context of his excessive force claims, they are similarly barred by *Heck*. And these claims should be dismissed with prejudice.

F. Motion to Strike

The plaintiff does not oppose defendants' motion to strike Paragraphs 7-12 of the Amended Complaint, however, as the undersigned recommends the dismissal of all claims pled by the plaintiff against all defendants, the Motion to Strike should be denied as moot.

## Conclusion

For the reasons discussed herein, the Court recommends that the Motion to Dismiss for Failure to State a Claim under Fed.R.Civ.P. 12(b)(6), Motion for More Definite Statement under Fed.R.Civ.P. 12(e), and Motion to Strike under Fed.R.Civ.P. 12(f) [Doc. 46] be GRANTED IN PART AND DENIED IN PART in its entirety, and that all claims alleged by the plaintiff against all defendants be DENIED AND DIMISSED WITH PREJUDICE. Specifically, the Motion to Dismiss all claims should be GRANTED, while the Motion to Strike and Motion for More Definite Statement should be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 8th day of September, 2021.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE